IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HENRY ROOP and
FIRST CHOICE DIABETIC SUPPLIES, INC.                                   PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:12-CV-00116-GHD-SAA

LARRY MELTON; JAMES HURST;
ASHLAND DRUGS, INC.; and JOHN DOES 1–5                                 DEFENDANTS

### MEMORANDUM OPINION DENYING DEFENDANTS' MOTION TO DISMISS

Presently before the Court is a motion to dismiss [11] brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Larry Melton and Ashland Drugs, Inc., and joined by Defendant James Hurst, *see* Hurst's Joinder [14]. Plaintiffs Henry Roop and First Choice Diabetic Supplies, Inc. have filed a response, and the time for reply has passed. Accordingly, the matter is ripe for review. Upon due consideration, the Court finds that the motion to dismiss [11] is not well taken and should be denied for the reasons set forth herein.

*A. Factual and Procedural Background*

This action arises from a dispute among business associates. Plaintiff Henry Roop ("Plaintiff Roop") and Plaintiff First Choice Diabetic Supplies, Inc. ("First Choice") (collectively, "Plaintiffs") bring this suit against Defendant Larry Melton ("Defendant Melton"); Defendant James Hurst ("Defendant Hurst"); and Defendant Ashland Drugs, Inc. ("Ashland Drugs") (collectively, "Defendants"). Plaintiffs allege the following facts: In July of 2009, Plaintiff Roop, Defendant Melton, and Defendant Hurst agreed to become equal partners and the only members in First Choice, a closely held corporation, Pls.' Compl. [1] ¶¶ 9–10; Defendants Hurst and Melton agreed to put up 100% of the initial capital and operating funds to begin First

1

Choice, and Plaintiff Roop agreed to invest his "time, skills, and significant experience in pharmaceutical sales and marketing and a successful thirty-two (32) year history in the industry," *id.* ¶ 11; the three members agreed to divide any profits equally, *id.*; Plaintiff Roop's title was "Diabetic Sales Director," a sales position wherein Plaintiff Roop was not involved with the finances of First Choice, *id.* ¶¶ 15, 19; Defendant Hurst's title was "Diabetic Shoe Specialist" and "Assistant Operations Manager, *id.* ¶ 16; Defendant Melton's title was "Director of Operations," and his "primary duties were to handle relations with Medicare and Medicaid, conduct patient billing and collection, process claims, inventory control, pay bills, and handle First Choice's finances," *id.* ¶ 17; "[n]o other member of First Choice had any experience in dealing with Medicaid and Medicare besides [Defendant] Melton," who "represented that he had years of successful experience in the task and would be responsible for it," *id.* ¶ 18; "[b]ased on his representation, [Defendant] Melton was to ensure that First Choice was properly accredited by Medicaid and Medicare and to handle such government billing appropriately," *id.* Apparently, business relations soured among the three, and now Plaintiffs bring this suit to recover alleged converted assets and damages.

Plaintiffs' complaint presents the following sixteen counts under state law: (1) breach of fiduciary duties, (2) breach of duty of care, (3) breach of duty of loyalty, (4) breach of covenant of good faith and fair dealing, (5) constructive trust, (6) accounting, (7) unjust enrichment, (8) intentional and negligent misrepresentation, (9) common law fraud and misrepresentation, (10) conversion, (11) negligence and gross negligence, (12) interference with contracts/business relationships, (13) embezzlement/misappropriation, (14) intentional and negligent infliction of emotional distress, (15) tortious interference with contract, and (16) misappropriation of business opportunity. Plaintiffs' complaint presents one count under federal law for retaliatory discharge

2

under 31 U.S.C. § 3730 of the False Claims Act (the "FCA"). It is undisputed that the parties are all citizens of Mississippi and that the sole stated basis for this Court's jurisdiction is federal question jurisdiction over the FCA claim and pendent jurisdiction over the supplemental state law claims.

Defendants move to dismiss this action under Rule 12(b)(1) on the ground that Plaintiffs have failed to invoke federal question jurisdiction, asserting that the allegations pertaining to the FCA claim have been "made solely for the purpose of obtaining jurisdiction" and are "wholly insubstantial and frivolous." Alternatively, Defendants move to dismiss this action under Rule 12(b)(6) on the ground that Plaintiffs have failed to state a FCA claim upon which relief can be granted. For the reasons stated below, the Court finds that Defendants' motion to dismiss should be denied.

## B. Discussion and Analysis

Defendants' motion challenges Plaintiffs' retaliation claim under 31 U.S.C. § 3730(h) of the FCA. "The FCA is the Government's primary litigation tool for recovering losses resulting from fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 267 (5th Cir. 2010) (citation and internal quotation marks omitted). The United States Supreme Court has explained:

> The FCA prohibits any person from making false or fraudulent claims for payment to the United States. [31 U.S.C.] § 3729(a). Persons who do so are liable for civil penalties of up to $10,000 per claim and treble damages. [*Id.*] The [FCA] sets forth two principal enforcement mechanisms for policing this proscription. First, the Attorney General may sue to remedy violations of § 3729. [*Id.*] § 3730(a). Second, private individuals may bring *qui tam* actions in the Government's name for § 3729 violations. *Id.* § 3730(b)(1); *see Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 769–72, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000). . . . The 1986 amendments to the FCA created a third enforcement mechanism: a private cause of action for an individual

3

retaliated against by his employer for assisting an FCA investigation or proceeding. [*Id.*] § 3730(h).

*Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Karen T. Wilson*, 545 U.S. 409, 411–12, 125 S. Ct. 2444, 162 L. Ed. 2d 390 (2005). In 2009, Congress amended the third enforcement mechanism in the FCA—the "whistleblower provision"—to "encourage[ ] employees with knowledge of fraud to come forward by prohibiting retaliation against employees who assist in or bring *qui tam* actions against their employers." *See United States ex rel. Patton v. Shaw Servs., L.L.C.*, 418 F. App'x 366, 371, 2011 WL 924292, at *4 (5th Cir. 2011) (per curiam).[1] The whistleblower provision provides in pertinent part:

> Relief from retaliatory actions.—
>
> (1) In general.—Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.
>
> (2) Relief.—Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.
>
> . . .

31 U.S.C. § 3730(h).

---

[1] The Court notes that the Fifth Circuit has not yet issued a published opinion interpreting the new language in the whistleblower provision. *See Thomas v. ITT Educ. Servs., Inc.*, 517 F. App'x 259, 262 (5th Cir. Mar. 22, 2013) (per curiam).

4

As stated, Defendants' motion to dismiss challenges Plaintiffs' retaliation claim on both Rule 12(b)(1) and Rule 12(b)(6) grounds. "When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, . . . courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. App'x 860, 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860–61 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam); *accord Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). Accordingly, the Court will first address Defendants' arguments for dismissal under Rule 12(b)(1) and will then address Defendants' arguments for dismissal under Rule 12(b)(6).

### Rule 12(b)(1)

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction based upon the allegations on the face of the complaint. "[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the Court's resolution of disputed facts. *See Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The Court may consider matters outside the

5

complaint and matters of fact that may be in dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt*, 561 F.2d at 608 ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum.").

In this case, Defendants contend that dismissal under Rule 12(b)(1) is warranted because certain allegations key to Plaintiffs' FCA claim are "insubstantial," "obviously without merit," and "wholly frivolous." Defendants contend that Plaintiffs' complaint fails to allege that Plaintiff Roop ever occupied a position of employee, contractor, or agent with Ashland Drugs, and that if he was not employed by Ashland Drugs, it was not possible for Defendant Melton to engage in retaliatory actions by terminating Plaintiff Roop's employment at Ashland Drugs. Plaintiffs maintain that their complaint asserts that Plaintiff Roop had an employment relationship with Ashland Drugs as an agent/contractor while performing duties and sales, and that Defendants terminated Plaintiff Roop from that employment relationship with Ashland Drugs in retaliation for Plaintiff Roop's internal complaints and inquiries about the fraudulent billing practices of Defendants.

The Court has reviewed the complaint, motion, attachments, and response, and finds that Defendants' arguments for dismissal based on Rule 12(b)(1) are not well taken. All the Court has before it at present is evidence of a factual dispute that the Court finds should not be prematurely resolved. Once the parties have engaged in discovery, the Court will entertain a motion for summary judgment. *See* FED. R. CIV. P. 26, cmt. to 1946 amendment ("The purpose

of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case."); *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ("The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues."). Accordingly, Defendants' Rule 12(b)(1) challenge is not well taken and shall be denied. The Court now turns to Defendants' Rule 12(b)(6) challenge.

### Rule 12(b)(6)

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "Under the Rule 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the

cause of action in order to make out a valid claim." *Webb v. Morella*, No. 12–30617, 2013 WL 1490654, *2 (5th Cir. Apr. 12, 2013) (per curiam) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. In a Rule 12(b)(6) determination, the court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Lone Star Fund*, 594 F.3d at 387 (citing *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937).

Claims brought under the FCA must be pleaded with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. *Sealed Appellant I v. Sealed Appellee I*, 156 F. App'x 630, 632 (5th Cir. 2005) (citing *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 328 (5th Cir. 2003)); *see* FED. R. CIV. P. 9(b); *City of Clinton*, 632 F.3d at 153. "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citing *Williams*, 112 F.3d at 179). A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

"To establish a claim under § 3730(h), a party must show (1) that she was engaged in protected activity with respect to the [FCA]; (2) that her employer knew she was engaged in protected activity; and (3) that she was discharged because she was engaged in protected activity." *Thomas v. ITT Educ. Servs., Inc.*, 517 F. App'x 259, 262 (5th Cir. Mar. 22, 2013) (per curiam) (citing *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994)).

In this respect, Plaintiffs allege the following facts: Over the summer of 2011, Medicare and Medicaid began to investigate First Choice for "improper" billing practices and determined that, contrary to his representations, Defendant Melton had failed to acquire the proper accreditation for First Choice, Pl.'s Compl. [1] ¶ 20; in order to avoid Medicare shutting down Defendant Melton's separate business, Ashland Drugs, Defendant Melton requested that Plaintiff Roop work under the auspices of Ashland Drugs until he could obtain the Medicare accreditation for First Choice, *id.* ¶ 22; after February of 2011, "[u]nilaterally, without the consent of First Choice members, [Defendant] Melton began to pay bills and salaries for First Choice out of [the] Ashland Drugs account," *id.* ¶ 25; Plaintiff Roop asked Defendant Melton about the change, *id.*; Defendant Melton represented to Plaintiff Roop that the change was made because of the Medicare audit, and that when things settled down everything would revert back to First Choice, *id.*; Defendant Melton also represented that he had to convince Medicare that Ashland Drugs was billing for the diabetic supply sales, *id.*; meanwhile, Defendant Melton began to bill under and process claims for sales by First Choice through Ashland Drugs, *id.* ¶ 26; Plaintiff Roop made several requests for a corporate business meeting on First Choice to discuss what was going on, *id.* ¶ 28; Plaintiff Roop's requests were not answered, *id.* ¶¶ 27–28; Plaintiff Roop then "questioned certain billing practices which Defendant Melton employed through Ashland Drugs, namely to advertise a 'free meter,' but then to bill Medicare or Medicaid for the 'free meter,' "

*id.* ¶ 31; Defendant Melton and Ashland Drugs discharged Plaintiff Roop from his work at Ashland Drugs, canceled Plaintiff Roop's health insurance shortly after terminating him, and provided no COBRA notice or continued help benefits for Plaintiff Roop, who Defendant Melton knew had had a surgery scheduled at the time of his termination, *id.* ¶¶ 31–32; and finally, Defendant Melton converted all assets of First Choice to Ashland Drugs, *id.* ¶ 31. Plaintiffs allege that "[Plaintiff] Roop's [c]omplaints and request[s] to [Defendant] Melton about the billing practices and false claims submitted by Ashland [Drugs] and [Defendant] Melton to Medicare and Medicaid substantially caused and contributed to the improper actions taken by [Defendant] Melton and Ashland Drugs against [Plaintiff] Roop." *Id.* ¶ 90.

The Court finds that Plaintiffs' complaint alleges that Plaintiff Roop was discharged from Ashland Drugs, where he was an agent/contractor, because he made internal complaints to Defendant Melton about the billing practices of Defendants Melton and Ashland Drugs with respect to Medicare and Medicaid, and particularly Defendants' alleged failure to obtain proper Medicare accreditation—all charges that were under investigation by Medicare and Medicaid. These allegations are sufficient to state a claim for retaliation under the FCA, 31 U.S.C. § 3730(h). *See Thomas*, 517 F. App'x at 262 (plaintiff bringing § 3730(h) claim must show he was engaged in a protected activity with respect to FCA, that his employer knew he was engaged in protected activity, and that he was discharged because he was engaged in protected activity); *see also Robertson*, 32 F.3d at 951 (suggesting that internal complaints may, under some circumstances, be protected activity under the FCA). Although Plaintiffs ultimately may not be able to set forth evidence necessary to survive summary judgment on their FCA claim, the motion before the Court is one under Rules 12(b)(1) and 12(b)(6), not Rule 56, of the Federal

10

Rules of Civil Procedure. Accordingly, the Court finds Defendants' motion to dismiss [11] is not well taken.

## C. *Conclusion*

In sum, Defendants' motion to dismiss [11] brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is DENIED, and the stay is LIFTED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 24th of September, 2013.

_____
SENIOR JUDGE