IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HENRY ROOP and
FIRST CHOICE DIABETIC SUPPLIES, INC.                               PLAINTIFFS

v.                                        CIVIL ACTION NO. 3:12-CV-00116-GHD-SAA

LARRY MELTON; JAMES HURST;
ASHLAND DRUGS, INC.; and JOHN DOES 1–5                             DEFENDANTS

### MEMORANDUM OPINION GRANTING PLAINTIFF HENRY ROOP'S CONSOLIDATED MOTION TO DISMISS COUNTERCLAIMS

Presently before the Court is a motion to dismiss [32] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Plaintiff/Counterdefendant Henry Roop. Defendants/Counterplaintiffs Larry Melton and Ashland Drugs have filed a response, and Plaintiff/Counterdefendant Henry Roop has filed a reply. Accordingly, the matter is ripe for review. For the reasons set forth below, the Court finds that the motion is well taken and should be granted.

*A. Factual and Procedural Background*

This action arises from a dispute among business associates. Plaintiff Henry Roop ("Roop") and Plaintiff First Choice Diabetic Supplies, Inc. ("First Choice") (collectively, "Plaintiffs") bring suit against Defendants Larry Melton ("Melton"); James Hurst ("Hurst"); and Ashland Drugs, Inc. ("Ashland Drugs") (collectively, "Defendants"). Plaintiffs' complaint presents the following sixteen counts under state law: (1) breach of fiduciary duties, (2) breach of duty of care, (3) breach of duty of loyalty, (4) breach of covenant of good faith and fair dealing, (5) constructive trust, (6) accounting, (7) unjust enrichment, (8) intentional and negligent misrepresentation, (9) common law fraud and misrepresentation, (10) conversion, (11) negligence and gross negligence, (12) interference with contracts/business relationships, (13)

1

embezzlement/misappropriation, (14) intentional and negligent infliction of emotional distress, (15) tortious interference with contract, and (16) misappropriation of business opportunity. Plaintiffs' complaint presents one count under federal law for retaliatory discharge under 31 U.S.C. § 3730 of the False Claims Act (the "FCA"). It is undisputed that the parties are all citizens of Mississippi and that the sole stated basis for the Court's jurisdiction is federal question jurisdiction over the FCA claim and pendent jurisdiction over the supplemental state law claims.

Plaintiffs' complaint alleges the following facts: In July of 2009, Roop, Melton, and Hurst agreed to become equal partners and the only members in First Choice, a closely held corporation, Pls.' Compl. [1] ¶¶ 9–10; Hurst and Melton agreed to put up 100% of the initial capital and operating funds to begin First Choice, and Roop agreed to invest his "time, skills, and significant experience in pharmaceutical sales and marketing and a successful thirty-two (32) year history in the industry," *id.* ¶ 11; the three members agreed to divide any profits equally, *id.*; Roop's title was "Diabetic Sales Director," a sales position wherein Roop was not involved with the finances of First Choice, *id.* ¶¶ 15, 19; Hurst's title was "Diabetic Shoe Specialist" and "Assistant Operations Manager, *id.* ¶ 16; Melton's title was "Director of Operations," and his "primary duties were to handle relations with Medicare and Medicaid, conduct patient billing and collection, process claims, inventory control, pay bills, and handle First Choice's finances," *id.* ¶ 17; "[n]o other member of First Choice had any experience in dealing with Medicaid and Medicare besides Melton," who "represented that he had years of successful experience in the task and would be responsible for it," *id.* ¶ 18; "[b]ased on his representation, Melton was to ensure that First Choice was properly accredited by Medicaid and Medicare and to handle such

2

government billing appropriately," *id.* Apparently, business relations soured among the three, and Plaintiffs are suing to recover alleged converted assets and damages.

Defendants have filed separate answers to Plaintiffs' complaint, and Melton and Ashland Drugs have each filed identically worded counterclaims against Roop. Roop now moves to dismiss these counterclaims pursuant to Rule 12(b)(6), contending that Melton and Ashland Drugs have failed to state a counterclaim upon which relief can be granted.

### *B. Rule 12(b)(6) Standard*

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, — F. App'x —, 2014 WL 1388923, at *1 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)); *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) (per curiam).

"Under Rule 8(a), the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *United States ex rel. Spicer v. Westbrook*, — F.3d —, 2014 WL 1778030, at *7 (5th Cir. May 5, 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "While we accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' do not establish facial plausibility." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when the pleaded

3

factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, N522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, — F.3d —, 2014 WL 1347029, at *1 (5th Cir. Apr. 7, 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### C. Discussion and Analysis

As stated above, Melton and Ashland Drugs bring two identically worded counterclaims against Roop for defamation and a violation of the Mississippi Litigation Accountability Act of 1988. Roop argues that the Court should dismiss the counterclaims on Rule 12(b)(6) grounds, specifically arguing that (1) the defamation counterclaim should be dismissed, because a defamation claim cannot be based upon language in a plaintiff's complaint; and (2) the Mississippi Litigation Accountability Act claim should be dismissed, because Plaintiffs have substantial factual proof to support their allegations in their complaint. For the reasons stated below, the Court finds that both the defamation counterclaim and the Mississippi Litigation Accountability Act counterclaim must be dismissed.

4

### 1. Defamation Counterclaim

Melton and Ashland Drugs first assert a defamation counterclaim, alleging that Roop "has made untrue and false statements, disseminated untrue and false information, and spread untrue and false rumors concerning" both of them, and that these alleged statements include certain statements set forth in Plaintiffs' complaint [1] specifically: (1) that Melton engaged in "improper" billing practices involving claims filed or made with Medicare and Medicaid, *see* Pls.' Compl. [1] ¶ 20; (2) that Melton violated an alleged "fiduciary duty" owed to Roop," *see id.* ¶¶ 37, 38, 54; (3) that Melton improperly converted assets of First Choice, *see id.* ¶ 37; (4) that Melton looted the assets of First Choice, *see id.*; (5) that Melton engaged in "wrongful conduct," which caused damage to Roop, *see id.* ¶ 38; (6) that Melton was dishonest in his business dealings, *see id.* ¶ 49; (7) that Melton acted "improperly and illegally" and made "improper payments," *see id.* ¶ 57; (8) that Melton made "intentional" misrepresentations of facts to the detriment of Roop, *see id.* ¶¶ 59, 60, 65; (9) that Melton tortuously converted assets belonging to Roop, *see id.* ¶ 69; (10) that Melton "used improper means" to interfere with business relationships, *see id.* ¶¶ 74, 75; (11) that Melton violated violated a "fiduciary relationship" and "embezzled" from Roop, *see id.* ¶¶ 77, 78; (12) that Melton violated the law, *see id.* ¶ 80; (13) that Melton engaged in "intentional, wilful, and wanton" misconduct, which damaged Roop, *see id.* ¶ 84; (14) that Melton "misappropriated business opportunities" which damaged Roop, *see id.* ¶ 88; and that Melton violated federal law, specifically 31 U.S.C. § 3730 and submitted "false claims" for Medicare and Medicaid, *see id.* ¶ 37. *See* Melton's Counterclaim [27] at 24–25 ¶ 5; Ashland Drugs' Counterclaim [28] at 23–24 ¶ 5. Melton and Ashland Drugs further allege that Roop has made "other defamatory statements which may be shown at the trial of this civil action" which are "not privileged and have been published to a third party and . . . are actionable

pursuant to Mississippi law . . . ." *See* Melton's Counterclaim [27] at 25–26 ¶ 6; Ashland Drugs' Counterclaim [28] at 24–25 ¶ 6. Roop argues that these allegations fail to make out a defamation counterclaim, because a defamation claim cannot be based upon unspecified statements and because the Plaintiffs' complaint is entitled to immunity.

For Melton or Ashland Drugs to establish a defamation claim under Mississippi law, the following four elements must be shown:

> (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Lehman v. Holleman*, 526 F. App'x 346, 348 (5th Cir. 2013) (per curiam) (quoting *Fulton v. Miss. Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986)). In order for a statement to be actionable, it must constitute "an unprivileged publication." *See Fulton*, 498 So. 2d at 1216.

Melton's and Ashland Drugs' allegations that Roop defamed them by statements contained in Plaintiffs' complaint are unavailing. "Mississippi courts consider statements made in connection with judicial proceedings, 'if in any way relevant to the subject matter of the action,' as 'absolutely privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood.' " *See Lehman*, 526 F. App'x at 348 (quoting *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001)); *see also Clinton v. Johnson*, No. 5:12–CV–84, 2013 WL 870361, at *6 (S.D. Miss. Mar. 7, 2013) (citing *Hardtner v. Salloum*, 114 So. 621, 624 (Miss. 1927) ("Some time ago, the Mississippi Supreme Court carefully considered this exact issue and settled on the 'American rule' that statements made in a judicial proceeding, if pertinent and relevant to that proceeding, are absolutely privileged.")). "Defamatory words in judicial proceedings must be pertinent or relevant, in order

6

to be privileged, and, when not pertinent or relevant to issue, they are not privileged, and an action will lie upon them." *Hardtner*, 114 So. at 622. "Mississippi courts favor a 'liberal rule' as 'to the determination of the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged.' " *Lehman*, 526 F. App'x at 348 (quoting *Hardtner*, 114 So. at 622). "The matter to which the privilege does not extend must be so palpably wanting in relation to the subject-matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety." *Id.* (quoting *Hardtner*, 114 So. at 622).

The Court has already sustained Plaintiffs' complaint on a Rule 12(b)(6) challenge. *See* Ct.'s Order [19] & Mem. Op. [20] Denying Defs.' Mot. Dismiss [11]. It is clear that the statements made in Plaintiffs' complaint, including those cited by Melton and Ashland Drugs in their counterclaims, are relevant to the subject matter of the action. Thus, such statements are privileged and immune from attack as defamation. Accordingly, these allegations by Melton and Ashland Drugs fail to state a defamation counterclaim and must be dismissed. *See Lenoir v. Tannehill*, 660 F. Supp. 42, 44 (S.D. Miss. 1986) ("With respect to the allegations in the Complaint filed by Plaintiff/Counterdefendant, Mississippi law is clear that Defendants cannot maintain an action for defamation based on those statements set forth in Plaintiff's Complaint."); *Prewitt v. Phillips*, 25 So. 3d 397 (Miss. Ct. App. 2009) (granting motion to dismiss defamation action stemming from statements attached to a motion filed in a civil action).[1]

---

[1] The Court notes that the Mississippi Court of Appeals has indicated that the presence of malice may prohibit the assertion of judicial privilege. *See Prewitt v. Phillips*, 25 So. 3d 397, 399 (Miss. Ct. App. 2009) (citing *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001)); *see also Hyde Constr. Co. v. Koehring Co.*, 387 F. Supp. 702, 725–26 (S.D. Miss. 1974). *But see Clinton v. Johnson*, No. 5:12–CV–84, 2013 WL 870361, at *6 (S.D. Miss. Mar. 7, 2013) ("[A]llegations of malice *do not* overcome a privilege that is absolute."); *Hardtner v. Salloum*, 114 So. 621, 624 (Miss. 1927) ("Appellant further says . . . the libelous matter was maliciously false. However that may be, if pertinent and relevant in a pleading in a judicial proceeding, it is absolutely privileged."). In any event, Melton and Ashland Drugs allege that Roop "willfully and intentionally made false and defamatory statements [in Plaintiffs' complaint] concerning" Melton and Ashland Drugs. *See* Melton's Counterclaim [27] at 25 ¶ 6; Ashland Drugs' Counterclaim [28] at 25 ¶ 6. The Court finds that this allegation does not show malice on the part of Roop in filing the complaint. Thus, regardless of whether the presence of malice can overcome judicial

7

In addition, Melton's and Ashland Drugs' allegations concerning the "other defamatory statements" are conclusory and fail to set forth any specific facts. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "In Mississippi, a complaint alleging defamation must set forth the statements, paraphrased or verbatim, that constituted the defamation." *Cooper v. Paragon Sys., Inc.*, No. 5:08-cv-169(DCB)(JMR), 2008 WL 4187942, at *3 (S.D. Miss. Sept. 5, 2008) (citing *Chalk v. Bertholf*, 980 So. 2d 290, 298 (Miss. Ct. App. 2007)); *see Valley Dry Goods Co. v. Buford*, 75 So. 252, 254 (Miss. 1917) (pleader must allege the words or synonymous words which constitute the slander). "Without information . . . concerning the nature of the statements and how they were defamatory, a mere allegation that defamatory statements were made 'constitutes a bare legal conclusion with no support . . . .' " *Cooper*, 2008 WL 4187942, at *3. Because Melton and Ashland Drugs have failed to set forth "sufficient factual matter to survive [Roop's] motion to dismiss" on their counterclaims for defamation, their defamation counterclaims must be dismissed. *See Roebuck*, 515 F. App'x at 280.

### 2. Mississippi Litigation Accountability Act Counterclaim

Melton and Ashland Drugs also assert a counterclaim for violation of the Mississippi Litigation Accountability Act,[2] which provides in pertinent part:

> [I]n any civil action . . . the court shall award . . . reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim . . . that is without substantial justification, or that the action, or any claim . . . asserted, was interposed for delay or harassment, or if it finds

---

privilege, here, Melton and Ashland Drugs have each failed to allege malice on the part of Roop in filing the complaint.

[2] In their respective counterclaims, Melton and Ashland Drugs refer to the statute as the "Mississippi Litigation Liability Act of 1988."

8

> that an attorney or party unnecessarily expanded the proceedings by other improper conduct . . . .

MISS. CODE ANN. § 11–55–5. Melton and Ashland Drugs allege that the present civil action was commenced by Roop without substantial justification, because Plaintiffs' complaint purports to state claims against Melton and Ashland Drugs which are groundless in fact and law. *See* Melton's Counterclaim [27] at 26–27 ¶¶ 8–11; Ashland Drugs' Counterclaim [28] at 25–29 ¶¶ 8–11. Roop argues in his motion to dismiss that this counterclaim should be dismissed because Plaintiffs' complaint has more than a hope of success. Melton and Ashland Drugs do not challenge this argument in their response to the motion to dismiss.

The claim fails because "the Mississippi Supreme Court has held that the [Mississippi] Litigation Accountability Act does not provide a separate cause of action." *See Oliver v. Skinner*, No. 4:09–cv–29–CWR–LRA, 2013 WL 667664, at *8 (S.D. Miss. Feb. 22, 2013) (citing *Rose v. Tullos*, 994 So. 2d 734, 738 (Miss. 2008)). The claim also fails because it is conclusory and without factual support. The Mississippi Supreme Court has stated that "a pleading is frivolous only when, objectively speaking, the pleader or movant has no hope of success." *Huseth v. Huseth*, 135 So. 3d 846, 860 (Miss. 2014) (quoting *In re Spencer*, 985 So. 2d 330, 339 (Miss. 2008) (in turn quoting *City of Madison v. Bryan*, 763 So. 2d 162, 168 (Miss. 2000) (internal quotation marks omitted))). This Court has already examined Plaintiffs' complaint at the Rule 12(b)(6) stage and declared that the complaint was capable of succeeding. *See* Ct.'s Order [19] & Mem. Op. [20] Denying Defs.' Mot. Dismiss [11]. Therefore, the Court finds that Melton and Ashland Drugs have failed to state a claim for a violation of the Mississippi Litigation Accountability Act, and accordingly, that that counterclaim must also be dismissed.

### D. Conclusion

For all the foregoing reasons, Plaintiff/Counterdefendant Henry Roop's Rule 12(b)(6) motion to dismiss [32] the counterclaims asserted by Defendants/Counterplaintiffs Larry Melton and Ashland Drugs, Inc. is GRANTED in its entirety, and the counterclaims asserted by Defendants/Counterplaintiffs Larry Melton and Ashland Drugs, Inc. are DISMISSED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 9 of June, 2014.

_____
SENIOR JUDGE